IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DISTRICT

HEATHER R. DIECIDUE,

    Plaintiff,

vs.

GLOBAL SPECTRUM, LP
d/b/a SPECTRA VENUE MANAGEMENT,

    Defendant.

Case No. 4:21-00571-CV-W-GAF

## FIRST AMENDED COMPLAINT

COMES NOW plaintiff Heather R. Diecidue and, for her claims against defendant, states as follows:

1. This case arises under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, *et seq.*, the Missouri Whistleblower's Protection Act (MWPA), Mo. Rev. Stat § 285.575, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

2. Defendant Global Spectrum, L.P. is a limited partnership organized under the laws of the State of Delaware.

3. Defendant's principal office is located in Philadelphia, Pennsylvania.

4. Defendant does business in the State of Missouri and elsewhere as Spectra Venue Management.

5. Defendant manages and operates public entertainment venues such as stadiums and arenas.

6. Cable Dahmer Arena (formerly Silverstein Eye Centers Arena) and the adjoining community ice rink in Independence, Missouri (the "Arena") is one of the properties that defendant manages.

7. Defendant's current registered agent of record with the Missouri Secretary of State is CT Corporation System at the address noted in the caption.

8. At all relevant times, defendant employed at least 6 employees in the State of Missouri and was an "employer" within the meaning of the MHRA and MWPA.

9. At all relevant times, defendant employed at least 15 employees and was an "employer" within the meaning of the Title VII.

10. Defendant hired plaintiff in 2016 as the Director of Sales and Marketing for its operations in Independence, Missouri.

11. Plaintiff was hired by and reported to General Manager Todd Mitchell.

12. Throughout her employment, plaintiff performed her duties competently.

13. Throughout her employment, plaintiff performed her duties diligently.

14. Throughout her employment, plaintiff performed her duties professionally.

15. In May 2018, Plaintiff began reporting to Larry Hovick when he became General Manager.

16. Plaintiff also had a "dotted line" reporting relationship to the Regional Marketing Manager Adam Flack.

17. Mr. Hovick displayed a sexist attitude and engaged in gender stereotyping in the way he spoke with and treated plaintiff.

18. Mr. Hovick was "infatuated" with another female employee, and he repeatedly referred to how that female employee dressed, the shoes she wore, and how pretty she was.

19. Even the female employee with whom Mr. Hovick was infatuated noticed and commented on the preferential treatment she received.

20. In contrast, Mr. Hovick did not value and respect women whom he did not find attractive.

21. In 2019 and continuing in 2020, plaintiff tried to make sure the Arena was accessible to persons with disabilities.

22. Plaintiff reported violations of state and federal law regarding making the Arena accessible to persons with disabilities to Mr. Hovick, who did not address them and was annoyed with plaintiff for bringing these problems to his attention.

23. Plaintiff's opposition to the violation of state and federal law regarding the accessibility of the Arena involved a matter of serious misconduct that violated a clear mandate of public policy as articulated in statutes and regulations protecting the rights of persons with disabilities.

24. Plaintiff's opposition to unlawful practices under the MHRA was "protected activity" within the meaning of the MHRA and/or she was a "protected person" within the meaning of the Missouri Whistleblower's Protection Act, Mo. Rev. Stat § 285.575.

25. Beginning on March 16, 2020, plaintiff and others began working remotely due to the COVID-19 pandemic.

26. Although plaintiff remained busy and productive, Mr. Hovick "furloughed" plaintiff on April 2, 2020.

27. Plaintiff was the only director-level employee furloughed by Mr. Hovick.

28. Other venues managed by defendant retained their Directors of Sales and Marketing during the COVID-19 pandemic.

29. Plaintiff spoke with Regional Manager Adam Flack, who was shocked and knew nothing about plaintiff being furloughed.

30. Plaintiff told Mr.Flack about Mr. Hovick's sexist favoritism toward a female employee whom he found attractive and his double standard against female employees to whom he was not attracted.

31. Plaintiff also spoke with the Vice President of Marketing, Bob Schwartz, who also was shocked at the decision to furlough plaintiff.

32. Plaintiff also told Mr. Schwartz about Mr. Hovick's sexist favoritism toward a female employee whom he found attractive and his double standard against female employees to whom he was not attracted.

33. On information and belief, Mr. Hovick was informed of plaintiff's complaint of sexist favoritism and discrimination.

34. On information and belief, defendant did not investigate or address plaintiff's complaint of sexist favoritism and discrimination.

35. Instead, on July 27, 2020, Mr. Hovick terminated plaintiff and offered her a separation package if she released her right to pursue any claims under state or federal civil rights laws.

36. Plaintiff was the only employee who was terminated by Mr. Hovick in July 2020.

37. Plaintiff was the only one from whom Mr. Hovick attempted to secure a release of state or federal civil rights claims.

38. Plaintiff engaged in "protected activity" within the meaning of the MHRA and Title VII by declining to waive her rights under those statutes.

39. Mr. Hovick brought other furloughed employees back to work.

40. Mr. Hovick told other employees that he was planning to bring them back to work.

41. Mr. Hovick never told plaintiff that he might bring her back to work.

42. On September 10, 2020, plaintiff filed a charge of discrimination against defendant with the Missouri Commission on Human Rights and Equal Employment Opportunity Commission.

43. Both before and after plaintiff filed her charge of discrimination, Mr. Hovick reassured other employees who had been furloughed that he was planning to bring them back to work.

44. Defendant violated plaintiff's rights under the Missouri Human Rights Act and/or the Missouri Whistleblower's Protection Act and/or Title VII in the following respects:

   a. By placing and keeping plaintiff on furlough status from April 2, 2020 to July 27, 2020 because of sex/gender discrimination and stereotyping;

   b. By placing and keeping plaintiff on furlough status from April 2, 2020 to July 27, 2020 because she had opposed violations of the ADA and Missouri Human Rights Act with respect to ensuring that public accommodations are accessible to people with disabilities;

   c. By terminating plaintiff on July 27, 2020 because of sex discrimination/gender stereotyping;

   d. By terminating plaintiff on July 27, 2020 because of retaliation due to her opposition to unlawful sex discrimination/gender stereotyping;

   e. By terminating plaintiff on July 27, 2020 because she had opposed violations of state and federal law with respect to ensuring that places of public accommodations are accessible to persons with disabilities; and/or

f. By failing and refusing to offer or promise or even tell her she might be offered the opportunity to return to work because of unlawful sex discrimination/gender stereotyping and/or because of her opposition to unlawful sex discrimination/gender stereotyping and/or because of her opposition to violation of state and federal law with respect to ensuring that places of public accommodations are accessible to persons with disabilities.

45. On March 26, 2021, the MCHR issued a right to sue notice with respect to plaintiff's charge of discrimination.

46. On April 23, 2021, the EEOC issued a right to sue notice with respect to plaintiff's charge of discrimination.

47. Plaintiff has satisfied all pre-conditions to asserting the claims in this lawsuit.

48. This Court has subject matter jurisdiction over this case.

49. This Court has personal jurisdiction over the parties.

50. Venue is proper in this Court.

### COUNT I – MHRA SEX/GENDER DISCRIMINATION

51. Plaintiff incorporates by reference the foregoing paragraphs of her petition.

52. Defendant violated plaintiff's rights under the MHRA by:

a. Placing and keeping plaintiff on furlough status from April 2, 2020 to July 27, 2020 because of sex/gender discrimination and stereotyping;

b. Terminating plaintiff on July 27, 2020 because of sex discrimination/gender stereotyping; and/or

c. Failing and refusing to offer or promise or even tell plaintiff that she might be offered the opportunity to return to work because of unlawful sex discrimination/gender stereotyping.

53. As a direct result of each of these violations of her rights under the MHRA, plaintiff sustained damage in the form of lost wages, lost benefits, humiliation, and emotional distress.

54. The conduct of defendant was sufficiently culpable to warrant an award of punitive damages because it was outrageous because of its evil motive and/or reckless indifference to the rights of others and/or defendant intentionally harmed the plaintiff without just cause or acted with a deliberate and flagrant disregard for the rights and safety of others.

### **COUNT II – MHRA RETALIATION**

55. Plaintiff incorporates by reference the foregoing paragraphs of her petition.

56. Defendant violated plaintiff's rights under the MHRA by:

   a. Placing and keeping plaintiff on furlough status from April 2, 2020 to July 27, 2020 because she had opposed defendant's violation of the MHRA with respect to ensuring that public accommodations are accessible to people with disabilities;

   b. Terminating plaintiff on July 27, 2020 because of her opposition to unlawful sex discrimination/gender stereotyping;

   c. Terminating plaintiff on July 27, 2020 because she had opposed defendant's violation of the Missouri Human Rights Act with respect to ensuring that public accommodations are accessible to people with disabilities;

   d. Failing and refusing to offer or promise or even tell her she might be offered the opportunity to return to work because of her opposition to unlawful sex discrimination/gender stereotyping;

- 7 -

Case 4:21-cv-00571-GAF   Document 6   Filed 08/12/21   Page 7 of 11

- e. Failing and refusing to offer or promise or even tell her she might be offered the opportunity to return to work because of her opposition to defendant's violation of the MHRA with respect to ensuring that places of public accommodations are accessible to persons with disabilities; and/or

- f. Failing and refusing to offer or promise or even tell her she might be offered the opportunity to return to work because she refused to waive her rights under the MHRA and/or because she filed a charge of discrimination against defendant.

57. As a direct result of each of these violations of her rights under the MHRA, plaintiff sustained damage in the form of lost wages, lost benefits, humiliation, and emotional distress.

58. The conduct of defendant was sufficiently culpable to warrant an award of punitive damages because it was outrageous because of its evil motive and/or reckless indifference to the rights of others and/or defendant intentionally harmed the plaintiff without just cause or acted with a deliberate and flagrant disregard for the rights and safety of others.

## COUNT III – MWPA RETALIATION

59. Plaintiff incorporates by reference the foregoing paragraphs of her petition.

60. Defendant violated plaintiff's rights under the Missouri Whistleblower's Protection Act by:

- a. Placing and keeping plaintiff on furlough status from April 2, 2020 to July 27, 2020 because she had opposed defendant's violation of state and federal law with respect to ensuring that public accommodations are accessible to people with disabilities;

- b. Terminating plaintiff on July 27, 2020 because she had opposed defendant's violation of state and federal law with respect to ensuring that public accommodations are accessible to people with disabilities; and/or

    c. Failing and refusing to offer or promise or even tell her she might be offered the opportunity to return to work because she had opposed defendant's violation of state and federal law with respect to ensuring that public accommodations are accessible to people with disabilities.

61. As a direct result of each of these violations of her rights under the MWPA, plaintiff sustained damage in the form of lost wages, lost benefits, humiliation, and emotional distress.

62. The conduct of defendant was sufficiently culpable to warrant an award of punitive damages because it was outrageous because of its evil motive and/or reckless indifference to the rights of others and/or defendant intentionally harmed the plaintiff without just cause or acted with a deliberate and flagrant disregard for the rights and safety of others.

## **COUNT IV – TITLE VII SEX/GENDER DISCRIMINATION**

63. Plaintiff incorporates by reference the foregoing paragraphs of her petition.

64. Defendant violated plaintiff's rights under Title VII by:

    a. Placing and keeping plaintiff on furlough status from April 2, 2020 to July 27, 2020 because of sex/gender discrimination and stereotyping;

    b. Terminating plaintiff on July 27, 2020 because of sex discrimination/gender stereotyping; and/or

    c. Failing and refusing to offer or promise or even tell her she might be offered the opportunity to return to work because of unlawful sex discrimination/gender stereotyping.

65. As a direct result of each of these violations of her rights under the Title VII, plaintiff sustained damage in the form of lost wages, lost benefits, humiliation, and emotional distress.

66. The conduct of defendant was sufficiently culpable to warrant an award of punitive damages because it acted with malice or reckless indifference to plaintiff's right not to be discriminated against on the basis of sex in that defendant knew that that its conduct was in violation of the law prohibiting sex discrimination and/or defendant acted with reckless disregard of that law.

## COUNT V – TITLE VII RETALIATION

67. Plaintiff incorporates by reference the foregoing paragraphs of her petition.

68. Defendant violated plaintiff's rights under the Title VII by:

   a) Terminating plaintiff on July 27, 2020 because of her opposition to unlawful sex discrimination/gender stereotyping;

   b) Failing and refusing to offer or promise or even tell her she might be offered the opportunity to return to work because of her opposition to unlawful sex discrimination/gender stereotyping;

   c) Failing and refusing to offer or promise or even tell her she might be offered the opportunity to return to work because she refused to waive her rights under Title VII and/or because she filed a charge of discrimination against defendant.

69. As a direct result of each of these violations of her rights under Title VII, plaintiff sustained damage in the form of lost wages, lost benefits, humiliation, and emotional distress.

70. The conduct of defendant was sufficiently culpable to warrant an award of punitive damages because it acted with malice or reckless indifference to plaintiff's rights under Title VII in that defendant knew that that its conduct was in violation of the law prohibiting retaliation and/or defendant acted with reckless disregard of that law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment in her favor on each of her claims, together with an award of lost wages and benefits, other actual damages, punitive damages, attorney fees, costs, expenses, and such other relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on each issue so triable.

Respectfully submitted,

SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.

By: s/ Larry M. Schumaker
      Larry M. Schumaker    MO Bar #31975

10401 Holmes Road, Suite 480
Kansas City, Missouri 64131
Telephone:   816.941.9994
Facsimile:    816.941.8244
E-mail:       lms@schumakercenter.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Lindsey L. Poling (lindsey.poling@jacksonlewis.com)
Joshua J. Cervantes (Joshua.cervantes@jacksonlewis.com)
JACKSON LEWIS P.C.
7101 College Boulevard, Suite 1200
Overland Park, KS 66210
ATTORNEYS FOR DEFENDANT

By: /s/ *Larry M. Schumaker*
     Attorney for Plaintiff